**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ERIC J. FEACHER,
an individual,

Case No.:

Plaintiff,

v.

DISCOVER PRODUCTS INC.,
a/k/a DFS SERVICES LLC,
a/k/a DISOVER BANK,
a foreign for-profit corporation, and
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation, and
TRANS UNION LLC,
a foreign limited liability company,

Defendants.
_____________________________________/

**COMPLAINT**

**COMES NOW**, Plaintiff, Eric J. Feacher (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, DISCOVER PRODUCTS INC., a/k/a DFS SERVICES LLC, a/k/a DISOVER BANK, (hereinafter, "Discover") and EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), and TRANS UNION, LLC (hereinafter, "Transunion") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

**PRELIMINARY STATEMENT**

1. This is an action brought by an individual consumer for damages for Discover's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Discover improperly credit-reported and subsequently verified objectively-inaccurate information related to a consumer debt account allegedly owed to Discover on Plaintiff's consumer credit report and in Plaintiff's consumer credit file as maintained by Transunion and Experian.

2. Additionally, this is an action for damages for Transunion and Experian's violations of the FCRA wherein Transunion and Experian continued to incorrectly report the balance allegedly owed to Discover account despite Plaintiff's disputes to Transunion and Experian.

3. More specifically, Plaintiff's disputes explained that Discover, Transunion and Experian were reporting an inflated and erroneous balance with respect to the Discover account and were failing to report the account as zero dollars ($0.00) owed, yet Defendants continued to report the account with an alleged balance owed and charged-off.

## JURISDICTION, VENUE & PARTIES

4. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

5. Defendants are subject to the jurisdiction of this Court, as Discover, Equifax, and Experian each regularly transact business in this District.

6. Venue is proper in this District as Defendants each regularly conduct

business in this District, and the acts and transactions described herein occur in this District.

7. At all material times herein, Plaintiff is a natural person residing in Polk County, Florida.

8. At all material times herein, Discover is a foreign for-profit corporation existing under the laws of the State of Utah with its principal place of business located at 2500 Lake Park Boulevard, West Valley City, Utah 84120.

9. At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10. At all material times, Transunion is a foreign limited liability company existing under the laws of Delaware with its principal place of business at 555 West Adams Street, Chicago, IL 60661.

**FCRA STATUTORY STRUCTURE**

11. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

12. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible*

*accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

13. Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

14. Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

15. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

16. Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed

information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

17. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

18. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

19. At all material times herein, Plaintiff is a "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

20. At all material times herein, Discover, itself and through its subsidiaries, regularly services consumer credit and credit-reports information associated with the same with respect to individuals residing in Polk County, Florida.

21. At all material times herein, Discover is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

22. At all material times herein, Discover reports information concerning a consumer credit card account to Equifax, Experian, and Trans Union, including but not limited to, a tradeline account related to an alleged Discover credit card account referenced by account number ending in -6146 (hereinafter, the "Account").

23. Discover failed to report the Account with an accurate $0 balance due to Experian and Trans Union, and instead reported the Account with a balance "past due" in excess of $835.00.

24. At all material times herein, Discover furnishes incorrect and/or incomplete information concerning the Account to Experian and/or Trans Union which continued after Plaintiff's repeated disputes.

25. Discover furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit, employment, housing, or insurance.

26. At all material times herein, Experian and Trans Union are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian and Trans Union disburse such consumer reports to third parties under contract for monetary compensation.

27. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

28. All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

29. Plaintiff opened a credit card account (i.e., the Account) with Discover prior to 2024.

30. Discover charged off the Account in 2024 in the amount of $835.

31. In December 2024, Discover issued an IRS Form 1099-C to Plaintiff with respect to the Discover Account for the 2024 tax year, discharging Plaintiff's personal liability to Discover.

32. As a result, as of December 31, 2024, Discover discharged, cancelled, and forgave any of Plaintiff's personal financial liability with respect to the Account, which at the time totaled $835.

33. Subsequently, Plaintiff included the $835 amount as additional income on his 2024 tax return and paid jis required taxes on such additional income.

34. Later in 2025, Plaintiff obtained copies of his credit reports from Equifax, Experian, and Trans Union.

35. Despite Discover issuing a 1099-C to Plaintiff with respect to the Account and despite Plaintiff including the full amount of the Account as additional income in his 2024 tax return, Discover, Experian, and Trans Union were each reporting the Account as charged off and past-due in the amount of $835.

36. Throughout 2025, Plaintiff sent multiple letters to Discover, Experian and Trans Union wherein Plaintiff disputed Defendants' reporting of the Account.

37. Defendants received all of Plaintiff's disputes and verified the debt as past due and owed.

38. On or about April 17, 2026, Plaintiff sent a dispute letter to Discover, Experian, and Transunion (hereinafter, "April 2026 Dispute").

39. In support of his dispute, Plaintiff included his date of birth, recent addresses, full social security number, a copy of her Florida Driver's License, and a copy of the 1099-C issued by Discover.

40. Experian and Transunion received Plaintiff's April 2026 Dispute.

41. Experian and Transunion communicated Plaintiff's April 2026 Dispute to Discover including all enclosed documents.

42. In response to Plaintiff's April 2026 Dispute, Transunion and Experian

purportedly verified its reporting of the Account with Discover, continued reporting a $835 past-due balance, and continued reporting the Account as charged off.

43. Defendants' reporting of the Account following Plaintiff's disputes is false and inaccurate because Defendants should report the Account with a zero-dollar ($0.00) balance and the monthly history information should end no later than December 2024.

## DAMAGES

44. Following Plaintiff's disputes, Transunion and Experian each generated and published Plaintiff's credit reports to Plaintiff's current creditors and potential lenders which contained the inaccurate past-due balance on the Account and failed to show that Plaintiff paid the Account in full and has no charge-off monthly history any time after December 2024.

45. Plaintiff was denied a loan with Upstart Network as a result of Defendant's inaccurate reporting.

46. Overall, Plaintiff suffered damage to his credit reputation as a result of Defendants' conduct, Defendant defamed Plaintiff's credit worthiness as well as Plaintiff's personal character, and Defendant unfairly discriminated against Plaintiff by ignoring—or failing to reasonably review—Plaintiff's Account following the Form 1099-C completed by Plaintiff in addition to the taxes on the debt paid by Plaintiff.

47. Plaintiff retained Swift Law PLLC for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for

their services.

48. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

49. Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion in assuming Plaintiff must simply endure Defendants' unlawful reporting of the Account.

**COUNT ONE**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**
**(as to Discover only)**

Plaintiff re-alleges paragraphs one (1) through forty-nine (49) as if fully restated herein and further states as follows:

50. Discover is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly investigate/re-investigate Plaintiff's numerous disputes, failing to review all relevant information regarding the same (which included their own documents), and failing to request that Transunion and Experian correct the reporting of the Account on Plaintiff's credit reports and credit file after investigating/re-investigating Plaintiff's

repeated disputes.

51. Discover's refusal to request that Transunion and Experian correct the tradeline associated with the Account was done intentionally, willfully, and/or knowingly as Discover clearly possessed knowledge the IRS form 1099-C completed by Plaintiff with respect to the Account and the Account balance listed on Plaintiff's tax return as additional income.

52. Discover's investigations/re-investigations were not conducted in good faith.

53. Discover's investigations/re-investigations were not conducted reasonably.

54. Discover's investigations/re-investigations were not conducted using all information reasonably available to Discover.

55. Discover's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

56. Discover's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**
**(as to Experian and Transunion)**

Plaintiff re-alleges paragraphs one (1) through forty-nine (49) as if fully restated herein and further states as follows:

57. Transunion and Experian are subject to, and each violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

58. Transunion and Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

59. Despite Discover issuing Plaintiff an IRS Form 1099-C wherein Discover discharged the alleged debt associated with the Account, despite Plaintiff paying taxes on the discharged debt, and despite Plaintiff's repeated disputes advising Transunion and Experian of the same, Transunion and Experian continued to unlawfully report the Account with an inaccurate and inflated balance owed that as allegedly past due.

60. More specifically, despite Plaintiff not owing a balance on the Account as a result of the discharge by Discover and Plaintiff paying taxes on the discharged debt—and despite Plaintiff notifying Transunion and Experian of the same through Plaintiff's disputes—Transunion and Experian continued to report that the Account

as "past due," with an alleged balance due in excess of $835, and continued to report inaccurate monthly history information after December 2024 while failing to report the Account as paid in full.

61. Such reporting of the Discover Account is false and evidences Transunion and Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

62. Between Plaintiff's first dispute, and the date of this Complaint, Transunion and Experian generated and published Plaintiff's credit reports to Plaintiff's creditors and potential lenders including the above-referenced inaccurate, incomplete, and/or materially misleading information.

63. Overall, Transunion and Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when investigating/re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in his Transunion and Experian credit reports and credit file.

64. Transunion and Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

65. Transunion and Experian's, violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well

as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE</u>**
**SECTIONS 1681i(a)(1), i(a)(4), and i(a)(5)**
**(as to Experian and Transunion)**

Plaintiff re-alleges paragraphs one (1) through forty-nine (49) as if fully restated herein and further states as follows:

66. Transunion and Experian are subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5) by: (1) failing to conduct reasonable investigations/re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; (2) failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; and (3) failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

67. Specifically, Transunion and Experian willfully and/or negligently refused to properly investigate/re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

68. Transunion and Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff

as stated herein.

69. Transunion and Experian's actions in violation of 15 United States Code, Sections 1681i(a)(1), 1681i(a)(2), 1681i(a)(4), and 1681i(a)(5) constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a. Judgment against Discover, Transunion and Experian for maximum statutory damages for violations of the FCRA;

b. Actual damages in an amount to be determined at trial;

c. Compensatory damages in an amount to be determined at trial;

d. Punitive damages in an amount to be determined at trial;

e. An award of attorney's fees and costs; and

f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—

pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

*/s/ Jon P. Dubbeld*

Jon P. Dubbeld, Esq., FBN 105869
Jessica A. Cowan Esq., FBN 1069016
11300 4th Street N., Suite 260
St. Petersburg, FL 33716
Phone: (727) 490-9919
Fax: (727) 255-5332
jdubbeld@swift-law.com
jcowan@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*